No. 56,897

STATE OF KANSAS, *Petitioner,* v. WILLIAM J. CRAVEN, *Respondent.*

(683 P.2d 907)

Opinion filed July 13, 1984.

*Roger N. Walter,* disciplinary counsel, argued the cause for the petitioner.
*Harry E. Warren,* of Lawrence, argued the cause for the respondent.

*Per Curiam:* Two separate disciplinary complaints were filed by Arno Windscheffel, Disciplinary Administrator, pursuant to Supreme Court Rule No. 212 (232 Kan. clxvii) against William J. Craven, an attorney, admitted to practice law in Kansas. The complaint in Docket No. W 2832 alleged that respondent had neglected a legal matter entrusted to him by Betty Newman. Ms. Newman employed respondent to represent her in a child support case. She paid respondent an agreed fee of $200. Respondent promised Newman that the whole matter would take about a month. Thereafter, Newman made many attempts to contact respondent but was unable to do so. Respondent never performed the services he promised and at the time the formal complaint was filed had not offered to return the $200 or any part thereof.

The complaint in Docket No. W 2946 alleged that the respondent had neglected a legal matter entrusted to him in connection with an appeal of a criminal action, *State v. Kramer,* arising in Brown County District Court. Kramer was convicted of possession of marijuana with intent to sell and was sentenced to the custody of the secretary of corrections. His appointed attorney had filed a notice of appeal and taken the necessary steps to perfect the appeal. In July of 1982, Kramer expressed dissatisfaction with his appointed attorney and requested that a new attorney be appointed instead. That motion was granted and the district court appointed a different attorney to represent Kramer in his pending appeal. In August of 1982, Kramer retained the services of respondent in pursuing his appeal. Kramer paid respondent $1500 and respondent agreed to represent him in the appeal. Respondent entered his appearance on behalf of Kramer in the Court of Appeals and was granted an extension of time in which to file a reply brief. Respondent did not file the reply brief and, although notified, did not appear at the appointed time for

oral argument in the Court of Appeals. Thereafter, the conviction of Kramer was affirmed. Respondent acknowledged to Kramer that he did not provide the service that he promised to provide and promised to promptly return the $1500 fee that he had been paid. At the time the complaint was filed, the respondent had refused or neglected to return any portion of the $1500 previously paid. Respondent was charged with neglect of a legal matter entrusted to him and failure to promptly pay or return funds in his possession owed to a client.

Both of the above complaints were heard together by a panel of the Kansas Board for Discipline of Attorneys after the parties agreed and stipulated that the two complaints should be consolidated and heard simultaneously. The evidence in the case supported the complaints and the panel unanimously found that respondent had failed to perform the services promised to Newman in W 2832 and to Kramer in W 2946; that he never offered to return the fee paid to him by Newman until notified of the formal complaint; and that respondent did not return to Kramer the $1500 fee previously paid until after the hearing was completed by the panel. Based upon those findings, the panel found respondent had violated the Code of Professional Responsibility, specifically DR 6-101 (A) (3) (232 Kan. clxxxvi) and DR 9-102 (B) (4) (232 Kan. cxcii).

The panel recommended that respondent be disciplined by Public Censure. Respondent did not file any exceptions to the panel report. Supreme Court Rule No. 212(d) (232 Kan. clxviii).

On June 6, 1984, the respondent appeared before this court pursuant to Supreme Court Rule No. 212(d). A careful examination of the record in this case reveals that the findings and conclusions of the disciplinary panel are correct and supported by clear and convincing evidence. It appears from the record that respondent has had no previous violations of the disciplinary rules and that at the time these violations occurred there were extenuating circumstances resulting from respondent's over-involvement in several unsuccessful businesses with resulting mental stress and depression. In view of the prior unblemished record of the respondent and the mitigating circumstances present in the case, the court has determined that it will accept the recommendation of the Board for Discipline of Attorneys that the discipline be limited to public censure.

IT IS THEREFORE BY THE COURT ORDERED that William J. Craven be and he is hereby disciplined by this court by public censure and he is hereby ordered to forthwith pay the costs of this proceeding.

IT IS FURTHER ORDERED that this Order of Censure be published in the official Kansas Reports.

BY ORDER OF THE COURT this thirteenth day of July, 1984.